AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Illinois

FILED
FEB 09 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| JOSEPH EMIL KLUG | ) | Case Number: 10-CR-30033-MJR |
| | ) | USM Number: |
| | ) | Morgan E. Scroggins |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 and 2 of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | 11/10/2008 | 1 |
| 18 U.S.C. § 2252(a)(4)(B) | Possession of Child Pornography | 11/23/2009 | 2 |

   The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)             ☐ is  ☐ are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 8, 2011
Date of Imposition of Judgment

*/s/ Michael J. Reagan*
Signature of Judge

MICHAEL J. REAGAN, U.S. DISTRICT COURT
Name and Title of Judge

February 9, 2011
Date

Judgment — Page 2 of 8

**DEFENDANT:** JOSEPH EMIL KLUG
**CASE NUMBER:** 10-CR-30033-MJR

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

360 months on Count 1, and a term of 120 months on Count 2, first 2 years on Count 2 to run consecutive to Count 1, remaining 8 years on Count 2 to run concurrently to Count 1.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant to be housed at U.S.P. Marion Camp, Marion, IL.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOSEPH EMIL KLUG
CASE NUMBER: 10-CR-30033-MJR

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Life on Counts 1 & 2

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- [x] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page 4 of 8

DEFENDANT:     JOSEPH EMIL KLUG
CASE NUMBER:   10-CR-30033-MJR

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $100 or ten percent of his net monthly income, whichever is greater, over a period of 22 months, to commence 30 days after release from imprisonment to a term of supervision

The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

The defendant shall participate in an approved sexual offender treatment program, as directed by the probation officer. If deemed necessary, the defendant shall submit to an approved, sexual-predator evaluation, as directed by the probation officer. The defendant shall abide by all rules, requirements, and conditions of the treatment program, including submission to polygraph and/or plethysmograph examination to determine compliance with the conditions of release. The defendant shall remain in the program until successfully completed, or until such time as the defendant is released from the program by the Court and/or probation officer. The defendant shall pay for the costs associated with counseling and/or evaluation based on a copay sliding fee scale as directed and approved by the United States Probation Office. The copay shall never exceed the total costs of counseling.

The defendant shall refrain from accessing any "material" that relates to the activity in which the defendant was engaged in during the commission of the instant offense, namely child pornography via any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail.

The defendant shall permit the probation officer to have access to any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail. The defendant shall also allow the probation officer or designee to conduct regular searches of his computer and/or electronic device using software monitoring devices if determined necessary by the probation officer. The defendant shall advise the probation officer of all e-mail addresses used on both public and private computers. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that may be imposed. The defendant shall warn other residents or occupants of his home that computer systems will be subject to inspection by the probation officer and/or authorized contractor.

The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

The defendant shall not have any unsupervised contact with minor males.

The defendant shall not occupy any position, whether paid or voluntary, which enable him to be alone with males under the age of 18 years.

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 8

DEFENDANT: JOSEPH EMIL KLUG
CASE NUMBER: 10-CR-30033-MJR

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**    | **Restitution** |
|--------|----------------|-------------|-----------------|
| TOTALS | $ 200.00       | $ 2,000.00  | $ 4,000.00      |
|        |                |             | By agreement of the parties |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| "Vicky" <br> c/o Carol L. Hepburn <br> 2722 Eastlake Avenue East <br> Suite 200 <br> Seattle, WA 98102 | | $2,000.00 | |
| "Jan_Feb" <br> The Ashcroft Law Firm <br> LLC Trustee F/B/O Jane Doe <br> Ashcroft Sutton Ratcliffe <br> c/o John Ratcliffe <br> 1700 Pacific, Suite 3600 <br> Dallas, TX 75201 | | $2,000.00 | |
| **TOTALS** | $ 0.00 | $ 4,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☒ fine ☒ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
       Sheet 5A — Criminal Monetary Penalties

Judgment—Page 6 of 8

DEFENDANT: JOSEPH EMIL KLUG
CASE NUMBER: 10-CR-30033-MJR

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Pursuant to Title 18, United States Code, Section 2559, defendant is ordered to pay "Vicky" restitution in the sum of $2,000 payable to the U.S. District Clerk. Defendant is jointly and severally liable for this restitution with all other defendants who were convicted of an offense under Chapter 110 of the United States Code and ordered to pay restitution to "Vicky" for the same medical services relating to physical, psychiatric, or psychological care, lost income and the like. Defendant's obligation to pay this debt will terminate when he has paid this debt in full or when "Vicky" has received full restitution for medical services relating to physical, psychiatric, or psychological care and other costs (all of which total $1,220,330.86, whichever is first. Under no circumstances shall defendant's restitution obligation be greater than the sum ordered in this case ($2,000.00). Restitution shall be payable immediately and any remaining balance shall be payable during incarceration. Restitution shall be disbursed to the victim as listed on page 5 of this judgment.

Pursuant to Title 18, United States Code, Section 2559, defendant is ordered to pay "Jan_Feb" restitution in the sum of $2,000 payable to the U.S. District Clerk. Defendant is jointly and severally liable for this restitution with all other defendants who were convicted of an offense under Chapter 110 of the United States Code and ordered to pay restitution to "Jan_Feb" for the same medical services relating to physical, psychiatric, or psychological care, lost income and the like. Defendant's obligation to pay this debt will terminate when he has paid this debt in full or when "Jan_Feb" has received full restitution for medical services relating to physical, psychiatric, or psychological care and other costs (all of which total $1,853,900.00), whichever is first. Under no circumstances shall defendant's restitution obligation be greater than the sum ordered in this case ($2,000.00). Restitution shall be payable immediately and any remaining balance shall be payable during incarceration. Restitution shall be disbursed to the victim as listed on page 5 of this judgment.

Restitution to "Vicky" and "Jan_Feb" is by agreement of the USA and defendant.

DEFENDANT: JOSEPH EMIL KLUG
CASE NUMBER: 10-CR-30033-MJR

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D,  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

    All criminal monetary penalties are due immediately and payable through the Clerk, U.S. District Court

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
see page 8 of this judgment

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: JOSEPH EMIL KLUG
CASE NUMBER: 10-CR-30033-MJR

# ADDITIONAL FORFEITED PROPERTY

One Aspire generic desktop computer, serial # 051715483, containing one Western Digital hard disk device, model #WD5000, serial # WCASZ0462598 and one Western Digital hard disk device, model WD1600, serial # WCANM3270370;

One generic desktop computer without a model or serial number, containing one Western Digital hard disk device, model # WD800, serial # WMA8E4163883;

One RCA EZ209HD Mini Video Recorder, serial number FAA0142A4901X2401; and

One green Jansport backpack with hole cut in front pouch.