IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-CR-30033-MJR |
| | ) | |
| JOSEPH EMIL KLUG, | ) | |
| | ) | |
| Defendant. | ) | |

---

| | | |
|---|---|---|
| JOSEPH KLUG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-1240-MJR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER REGARDING NOVEMBER 28, 2016 MOTIONS

REAGAN, Chief Judge:

Joseph Klug pled guilty to charges of producing and possessing child pornography, in Case No. 10-CR-30033 ("the criminal case"). As part of that plea, Klug stipulated in writing to the facts of each offense. The stipulation signed by Klug and his retained counsel of choice included, inter alia, an admission of the following facts (summarized in abbreviated form for purposes of this Order):

> Klug told FBI agents that they would find on his home computer 80 to 100 gigabytes of child pornography (much of it consisting of boys aged 8 to 13 engaging in sexually explicit conduct) which Klug gathered via peer-to-peer file sharing software using the internet. Klug shared his child pornography with others over the internet.

A search of Klug's home and forensic examination of the evidence recovered therein revealed that Klug knowingly possessed a desktop computer containing approximately 59,000 still visual depictions and 12,000 videos of real minors engaging in sexually explicit conduct.  These images and videos had been mailed, shipped, and transported in interstate commerce.

Klug also surreptitiously filmed minor males in various places (such as bathrooms) and once by setting up a hidden camera in a tent, thereby recording a minor male masturbating.   From September 2008 to around November 10, 2008, Klug used a minor male to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.  After secretly videotaping a minor boy masturbating in a tent in November 2008, Klug transferred the footage to a hard drive on his desktop computer in his Granite City, Illinois home.  He then edited the footage into several sexually explicit clips and stills of the minor masturbating and later shared the footage over the internet.

The production charge, a violation of 18 U.S.C. 2251(a) and (e), carried a statutory mandatory minimum penalty of fifteen years and a maximum penalty of thirty years in prison.  The possession charge, a violation of 18  U.S.C. 2252(a)(4)(B), carried a statutory penalty of up to ten years in prison.  Based on a total offense level of 43 and a criminal history category of I, the U.S. Sentencing Guidelines allowed for a term of life in prison.  The undersigned Klug to a total of 384 months in prison.

On direct appeal, Klug challenged his sentence as unreasonably long and unfair. On February 29, 2012, the Court of Appeals for the Seventh Circuit rejected Klug's arguments.  The Seventh Circuit noted that Klug's overall prison sentence (384 months) was below the guideline range of life imprisonment and thus presumptively reasonable, that Klug had not pointed to any factors to overcome that presumption, and that in light of all the evidence presented and properly considered by the undersigned, the sentence was reasonable.  *United States v. Klug,* **670 F.3d 797, 798-800 (7th Cir. 2012).**

On December 6, 2012, Klug, through new retained counsel, filed a petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. The petition was opened as Case No. 12-cv-1240 ("the 2255 proceeding"). The undersigned denied the petition in a detailed 28-page Order in April 2013 and declined to issue a certificate of appealability. Judgment was entered April 9, 2013. Klug attempted to appeal to the Seventh Circuit. On November 18, 2013, the Seventh Circuit denied Klug's motion for certificate of appealability, finding no substantial showing of the denial of any constitutional right, as required under 28 U.S.C. 2253(c)(2) to proceed with an appeal.

Three years passed. On November 28, 2016, Klug filed three pleadings (affixing the case number from his 2255 proceeding *and* his criminal case to each of the three documents). First, he filed a motion to proceed pro se, noting that although he previously hired counsel, he cannot afford to do so currently and "wishes to proceed on his own behalf" (Doc. 60 in criminal case; Doc. 23 in 2255 proceeding). Next, Klug filed a motion asking *for leave to file* a "Rule 60 Motion or in the Alternative, a Second and Successive 2255 Motion" (Doc. 61; Doc. 22). Finally, Klug filed the proposed Rule 60 Motion/Motion for leave to file successive 2255 petition (Doc. 62, Doc. 21).

The Court **GRANTS in part** and **DENIES in part** the motion asking to proceed pro se (Doc. 60, Doc. 23) and the motion seeking leave to file an alternative Rule 60 Motion/Motion to File Second 2255 Petition (Doc. 61, Doc. 22), The undersigned directed the Clerk's Office to *accept for filing* Klug's pro se motions but cannot grant the requested relief for the reasons described below.

To the extent Klug is asking for permission to file a second or successive petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255, the undersigned cannot grant that request.  Only the Court of Appeals is vested with the authority to allow the filing of a second or successive 2255 petition.  Rule 9 of the Rules Governing Section 2255 Proceedings plainly states:  "before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. 2255, para. 8."  Having already pursued (unsuccessfully) one 2255 petition in this Court, Klug must get authorization for a second or successive 2255 petition from the Court of Appeals for the Seventh Circuit.

To the extent Klug seeks relief from a final judgment or order in the 2255 proceeding (his "civil" case) under Federal Rule of Civil Procedure 60(b)(6), he has not demonstrated that such relief is warranted.  First, a Rule 60(b)(6) motion must be made with a reasonable time  FED. R. CIV. P. 60(c).  Klug has not explained how his motion satisfies that requirement or why it could not have been filed sooner.  More importantly, Klug has not demonstrated a valid basis for relief under Rule 60(b).

Rule 60(b) allows a district court to relieve a party from a final judgment or order on specified grounds like mistake, surprise, or newly discovered evidence – or, under the subsection relied on by Klug, "any other reason that justifies relief."  But relief under Rule 60(b) is an "extraordinary remedy" which should be granted "only in exceptional circumstances."  *See Kathrein v. City of Evanston*, **752 F.3d 680, 690 (7th Cir. 2014);** *Gonzalez v. Crosby*, **545 U.S. 524, 536-38 (2005).**  Again, assuming the motion

is directed to the judgment in Klug's civil case, he has articulated no ground meriting relief under Rule 60(b).

In the November 28, 2016 filings, Klug largely rehashes the same arguments he tendered (and lost on) in his 2255 proceeding and the direct appeal of his sentence. Klug asserts that the federal child pornography sentencing guidelines "have not been updated to fit with the current technological advances," and many of the enhancement contained in the guidelines "are rooted in the pre-internet age" (Doc. 21, p. 1, p. 11). He says the child pornography guidelines under which he was sentenced assume that the defendant made physical or sexual contact with his victims, which Klug did not. He insists that his sentence was excessive, because he was "not the typical [child pornography] production offender" (*id.*, p. 1). He protests that far from a "coercive manipulator of children," he is just "a sort of 'peeping tom' catching children at intimate moments and exposing them for the world to see" (*id.* p. 3). These were the same points he presented on direct appeal of his criminal case and/or overlap with what he presented in his 2255 proceeding. For instance, in the 2255 petition, Klug claimed that his lawyer was ineffective at sentencing in failing to argue (a) that many images included as relevant conduct were not child pornography at all (and should have been disregarded in calculating relevant conduct), (b) that the child pornography sentencing guidelines are fundamentally flawed, and (c) that as applied to Klug, the guidelines were unduly harsh. Klug unsuccessfully appealed both his sentence and the denial of 2255 relief. He cannot now (under the nomenclature of a Rule 60(b)(6) motion)) revisit the arguments another time in this Court.

Klug also includes two fleeting references to *Johnson v. United States*, -- U.S. --, **135 S. Ct. 2551 (2015).** *Johnson* declared unconstitutional a part of a federal statute -- the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(2)(B)(ii). *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, -- U.S. --, **136 S. Ct. 1257 (2016).** But Klug was not sentenced under ACCA or under any similar residual clause, and he does not explain how *Johnson* might invalidate his sentence. If he has such an argument (regarding the enhancement that did apply to him at sentencing, U.S.S.G. 4B1.5(b)), perhaps it might form the basis for a fresh collateral attack on his sentence under 28 U.S.C. 2255, but this Court cannot consider such arguments until Klug secures permission from the Court of Appeals to file a second or successive 2255 petition.

For all these reasons, the Court **DENIES** Klug's "Motion under Fed. Civ. Rule 60(B)(6) to Obtain Relief from a Final Judgment, Order, or Proceeding" (Doc. 62 in Case No. 10-CR-30033; Doc. 21 in Case No. 12-cv-1240.)

IT IS SO ORDERED.

DATED: November 29, 2016.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge