IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH E. KLUG,<br><br>    Defendant. | Case No. 10-CR-30033-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is what is labeled as a Federal Rule of Civil Procedure Rule 60(b) Motion for Relief from Judgment filed *pro se* by Defendant Joseph E. Klug. (Doc. 87). For the reasons set forth below, the Motion is **DENIED**.

## FACTUAL & PROCEDURAL BACKGROUND

Defendant Klug pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) via an open plea on September 29, 2010. (Doc. 25). District Judge Michael J. Reagan sentenced him to a total of 384 months' incarceration on February 9, 2011. (Doc. 39). After Klug filed a timely Notice of Appeal (Doc. 41), the Seventh Circuit affirmed the district court's Judgment on February 29, 2012. *See United States v. Klug*, 670 F.3d 797 (7th Cir. 2012); (*see also* Doc. 58). Klug then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on December 6, 2012, which was denied on April 9, 2013 without issuance of a certificate of appealability. *See Klug v. United States*, No. 12-cv-01240-

MJR (S.D. Ill. April 9, 2013) (Docs. 1, 11). The Seventh Circuit also denied the issuance of a certificate of appealability and refused to permit Klug to file a second or successive petition. *See Klug v. United States*, No. No. 16-4122 (7th Cir. June 2, 2017). Klug filed the instant Motion on September 30, 2025, more than 14 years after the original Judgment in this case. (*See* Doc. 87).

Once a district court enters final judgment, it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996); *see United States v. Bechtel*, No. 09-cr-30007-DWD (S.D. Ill. 2020) (Doc. 144, p. 1) (citing the same). Here, Klug does not cite any case law or statute that would allow the Court to consider his Motion in this closed criminal case.

First, the Court finds that Klug is not entitled to relief under Federal Rule of Civil Procedure 60. Although Klug purportedly filed the instant Motion pursuant to Rule 60(b), this Court notes that motions for reconsideration are not contemplated by the Federal Rules of Criminal Procedure: "[n]o federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (citing *United States v. Healy*, 376 U.S. 75, 79–80 (1964)).

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different timetables govern these motions and different standards apply. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest

error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).

Clearly, Klug's Motion was filed far beyond the 28-day window for Rule 59(e) to apply, meaning that Rule 60(b) must govern. After reviewing the record, the Court finds that Klug identifies no manifest error of law, newly discovered evidence, fraud, mistake, or excusable neglect that dictates a different result. His Motion merely takes umbrage with the previous rulings in his case and rehashes old arguments that have

been addressed by Judge Reagan. Moreover, even if he had filed a Motion which satisfactorily addressed one or more of the Rule 60(b) factors, "[a] motion under Rule 60(b) must be made within a reasonable time—and for [mistake, newly discovered evidence, or fraud] no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Therefore, Klug's attempt to file the instant Motion under the auspices of Rule 60 fails.

Moving forward, criminal defendants are permitted to file the following post-judgment motions: (1) under Federal Rule of Criminal Procedure 35, a motion to correct clear error must be filed within 14 days after sentencing and a motion to reduce the sentence for substantial assistance must be filed by the Government within 1 year of the defendant's sentencing; (2) a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty or within 14 days after the verdict or finding of guilty if brought on other grounds; and (3) a collateral attack pursuant 28 U.S.C. § 2255 must be brought within one year of the following: (a) the date on which the judgment of conviction becomes final; (b) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, (c) the date on which the newly right asserted was initially recognized by the Supreme Court, or (d) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See Bechtel* (Doc. 144, pp. 1–2).

In the instant case, Rule 35 is inapplicable because the pending Motion is brought over 14 years after Defendant Klug's sentencing (February 9, 2011) and it

does not appear to be brought to correct arithmetical, technical, or other clear error associated with his sentence. Next, Rule 33 does not apply for the same reason—the Motion was not brought within 14 days or within 3 years of the verdict in Klug's criminal case. Therefore, Klug's only possible procedural avenue is to file the instant Motion is a § 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). However, recall that Klug previously filed a § 2255 motion that raised arguments (e.g., ineffective assistance of his trial counsel) that mirror those in the instant Motion; that petition was denied and a certificate of appealability was not issued. *See Klug v. United States*, No. 12-cv-01240-MJR (S.D. Ill. April 9, 2013) (Docs. 1, 11). Klug has not provided certification from the Seventh Circuit indicating that he has authorization to mount a second or successive § 2255 petition. Moreover, since Klug is familiar with the process for filing a § 2255 petition, it appears that he brought the instant Motion to attempt to circumvent the limitation on second or successive petitions. Therefore, Klug's Motion does not survive scrutiny under any established statute or rule and must be dismissed.

      Therefore, because this Court finds that Klug's Motion does not fall under any of the exceptions authorized by statute or rule, the Court is bereft of jurisdiction to entertain it. Therefore, Klug's Motion for Reconsideration (Doc. 87) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   October 15, 2025**

                                              **s/ *Stephen P. McGlynn***
                                              **STEPHEN P. McGLYNN**
                                              **U.S. District Judge**